**Juanita M. SAMUELS, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 4235.**

United States District Court, S. D. Ohio, W. D.

Oct. 4, 1973.

Kevin N. McCormick, Xenia, Ohio, for plaintiff.

Arthur D. Jackson, Jr., Asst. U. S. Atty., for Wm. Milligan, U. S. Atty., S. D. Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

WEINMAN, District Judge.

This is an action pursuant to section 1869(b) of the Social Security Act, 42 U.S.C. § 1395ff(b), for judicial review of a "final decision" of the Secretary of Health, Education, and Welfare which denies payment of hospital insurance benefits (Part A of Title XVIII of the Social Security Act. 42 U.S.C. § 1395c et seq.) on behalf of the plaintiff for services rendered to her as an inpatient in Greene Memorial Hospital, Xenia, Ohio, during the period from September 17, 1970 through October 16, 1970.

The plaintiff was an inpatient at Greene Memorial Hospital from September 8, 1970 to October 16, 1970 primarily for the treatment of a fractured left humerus (upper arm). Initially and on reconsideration it was determined that payment could be made for the period September 8, 1970 through September 16, 1970, but payment could not be made for the period from September 17, 1970 to October 16, 1970 since the plaintiff no longer required inpatient hospital care during this period. Upon the plaintiff's request, a hearing before a hearing examiner of the Bureau of Hearings and Appeals of the Social Security Administration was held on October 19, 1971. The hearing examiner, before whom the plaintiff, her husband, and her treating physician appeared found:

"1. The care and services furnished the claimant at the Greene Memorial Hospital from September 17 to October 16, 1970 were in the nature of custodial care, did not meet the standards of covered inpatient care and were therefore not covered under the Social Security Act, as amended and the Regulations promulgated thereunder;

"2. Payment for the above mentioned period may not be made under the Social Security Act, pursuant to the exclusion set forth in section 1862(a)(9)."

This became the final decision of the Secretary of Health, Education, and Welfare when the Appeals Council of the Bureau of Hearings and Appeals approved the hearing examiner's decision on March 15, 1972.

The jurisdictional statute for this action—section 1869(b) of the Social Security Act, *supra,*—provides in pertinent part that an individual dissatisfied with a "final decision" made after hearing concerning the amount of benefits payable under Part A of Title XVIII, *supra,*

shall be entitled "where the amount in controversy is $1,000 or more, to judicial review of the Secretary's final decision after such hearing as is provided in section 205(g)." The cited section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of the record before the Secretary in making his "final decision" for the purpose of determining whether such decision is supported by "substantial evidence."

The pertinent substantive provisions of the Act concerning payment of benefits for "inpatient hospital services" (section 1812(a) thereof, 42 U.S.C. § 1395d(a)), the certification of the medical necessity for "inpatient hospital services" (section 1814(a) thereof, 42 U.S.C. § 1395f(a)), and the definition of "inpatient hospital services" (section 1861 (b) thereof, 42 U.S.C. § 1395x(b)) are quoted in pertinent part in the hearing examiner's decision.

Section 1862(a) of the Act, 42 U.S.C. § 1395y(a) further provides, as here relevant, that:

"Notwithstanding any other provision of this title, no payment may be made under part A or part B for any expenses incurred for items or services—

(9) where such expenses are for custodial care"; . . .

The issue is whether there is substantial evidence to support the final decision of the Secretary that payment may not be made to the plaintiff for expenses incurred for the inpatient hospital services rendered to her from September 17, 1970 to October 16, 1970 at the Greene Memorial Hospital for the reason that the services required and received were "custodial" in nature and therefore specifically excluded from coverage under section 1862(a)(9) of the Social Security Act, *supra*. The issue is thus rather simple and somewhat novel. It turns on the proper statutory construction that must be given to the term "custodial care" as used in the Social Security Act. Both of the parties herein have moved for summary judgment,

thereby asserting that they are each entitled to judgment as a matter of law. In order to properly dispose of these motions, inquiry must be made into the use that is to be made of the term "custodial care" as regards the facts of this particular case.

"Custodial care" is nowhere defined in the Social Security Act nor in the federal regulations promulgated pursuant thereto. The case law development and this Court's own view of the proper use of the term in question thus take on added significance. Few cases interpreting 42 U.S.C. § 1395y(a)(9) have been reported. However, it was said in Sowell v. Richardson, 319 F.Supp. 689 (D.S.C. 1970) at page 691 that:

"The legislation which created health insurance for the aged is remedial and therefore to be construed liberally to effectuate the congressional purpose. . . . Neither the courts nor the Secretary should in the interests of minimizing costs so interpret the provisions of the Act as to frustrate its purpose. A sensible nontechnical approach to interpretation of this chapter is necessary in order to give effect to the purposes of the Act and to afford equitable treatment to those seeking its benefits."

The Court then went on to reverse the Secretary's decision in that particular case due to the unduly restrictive interpretation the Secretary had placed on the term "custodial care" (42 U.S.C. § 1395y(a)(9). This Court agrees with that approach to Social Security law.

In the case of Weir v. Richardson, 343 F.Supp. 353 (S.D.Iowa 1972), the Court upheld the decision of the Secretary which denied payments for "post-hospital extended care services" as provided for at 42 U.S.C. § 1395d(a)(2). The Court there based its decision on its interpretation that the payments there contested did come under the "custodial care" exception of 42 U.S.C. § 1395y(a) (9). The factual basis of that decision is instructive for present purposes. The plaintiff in that case had already been

released from the hospital. She was at a later date sent to a professional nursing center, apparently for the purpose of lessening the burden on her family. The Court viewed those facts thusly:

> "The reasonable inference from the record is that Mrs. Weir's [the nominal plaintiff] daughter was taking care of her mother and that the daughter was finding Mrs. Weir troublesome to care for for reasons not wholly apparent on the face of the record. The nursing charts from the nursing home show that the staff provided no services for Mrs. Weir that could not have been provided by an ordinary lay person. The chart shows no medical problems arising during Mrs. Weir's stay; the notes are primarily concerned with the patient's confusion and restlessness. . . . From all reports filed at the time of Mrs. Weir's stay at the nursing center, a reasonable man must conclude that Mrs. Weir did not need skilled nursing services and that her care at the facility was 'custodial' within the meaning of Section 1862(a)(9) of the Social Security Act (42 U.S.C. § 1395y(a) (9))." 343 F.Supp., at 356.

This seems to be a common sense view of what "custodial care" is. It is care that could be administered by a layman, without any possible harm to the health of the one in custody. That is the simple reason why payment for it is not covered in a law the purpose of which is to pay medical benefits to the aged. This view of "custodial care" is also in agreement with the definition of "custodial" as found in Webster's Third New International Dictionary (1967 ed.) i.e., "relating to or marked by guardianship or maintaining safely." Thus mere "custodial care" refers quite simply to guardianship for convenience that has no significant relation to medical care of any type.

In Ridgely v. Secretary, 345 F.Supp. 983 (D.Md.1972), the Court held that the "custodial care" exception to payments of benefits did not even apply to care in a professional nursing home where the claimant required constant attention from skilled nursing personnel in order to "avoid further disaster" with respect to her health. The Court then went on to say that:

> "Indeed, it appears to this Court that the purpose of the custodial care disqualification in § 1395y(a)(9) was not to disentitle old, chronically ill and basically helpless, bewildered and confused people like Mrs. Hape from the broad remedy which Congress intended to provide for our senior citizens. Rather, the provision was intended to stop cold-blooded and thoughtless relatives from relegating an oldster who could care for him or herself to the care of an ECF merely so that that oldster would have a place to eat, sleep, or watch television. But when a person is sick, especially a helpless old person, and when those who love that person are not skilled enough to take care of that person, Congress has provided a remedy in the Medicare Act, and that remedy should not be eclipsed by an application of the law and findings of fact which are blinded by bureaucratic economics to the purpose of the Congress." 345 F.Supp., at 993.

This Court would heartily agree with the opinion of Judge Northrop, supra.

The plaintiff in this case was seventy-three (73) years old when the benefits here in question were denied. She suffered from obesity, a broken arm, and other general infirmities associated with old age. Her treating physician, whose opinion is to be regarded as substantial evidence, decided that she required hospital care in order to mend properly. This physician, both by mail and at the hearing examiner's hearing, strenuously expressed the point that the hospitalization of plaintiff herein was necessary. In spite of the doctor's exhaustive efforts at persuasion, the Secretary decided that plaintiff had received only "custodial care." In view

of the correct interpretation of the meaning of that phrase, as outlined above, such a determination can only be characterized as erroneous. Keeping an aged patient in a hospital so that she can mend from an injury under the watchful eye of trained medical personnel is a decision peculiarly medical. It is in no sense a form of "custodial care" done purely for convenience and unrelated to health services. Not only was the Secretary's decision not based on substantial evidence, but it was rooted in a sorrowful misapprehension of the applicable law.

Wherefore, plaintiff's motion for summary judgment is GRANTED; defendant's motion is DENIED. The decision of the Secretary of Health, Education and Welfare is not supported by substantial evidence and is not in accord with applicable law, and is therefore REVERSED pursuant to 42 U.S.C. §§ 405 (g) and 1395ff(b). Judgment will be entered for the plaintiff in the amount claimed.